# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NATHAN INGRAM,<br><br>            Plaintiff,<br>    v.<br><br>CAMDEN COUNTY FREEHOLDERS;<br>CAMDEN COUNTY CORRECTIONAL<br>FACILITY,<br><br>            Defendants. | HONORABLE JEROME B. SIMANDLE<br><br><br>Civil Action<br>No. 16-cv-08958 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Nathan Ingram, Plaintiff Pro Se
4311658
Camden County Correctional Facility
330 Federal Street
Camden, NJ 08103

**SIMANDLE, District Judge:**

1.    Plaintiff Nathan Ingram seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Board of Freeholders ("Freeholders") and Camden County Correctional Facility ("CCCF"). Complaint, Docket Entry 1.

2.    Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C.

§ 1915(e)(2)(B) because Plaintiff is proceeding *in forma*

*pauperis*.

3.   For the reasons set forth below, the Court will

dismiss the complaint without prejudice for failure to state a

claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.   To survive *sua sponte* screening for failure to state a

claim, the complaint must allege "sufficient factual matter" to

show that the claim is facially plausible. *Fowler v. UPMS*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)).

5.   Plaintiff alleges he experienced unconstitutional

conditions of confinement while detained at the CCCF "on or

about 2007-2008, 2009-2010, 2011-2013, 2014-2015, 2015-2016."

Complaint § III. The fact section of the complaint states: "I

was housed in areas over populated being forced to sleep on the

floor also housed in cells where my cell leaked rain water on us." *Id.*

6.    Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

7.    The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse

conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the dates and length of the confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, etc.

8.    Moreover, Plaintiff has not alleged sufficient facts to support an inference that the named Defendants are personally liable for the alleged constitutional violations.

9.    Plaintiff seeks monetary damages from CCCF for the allegedly unconstitutional conditions of his confinement. As the CCCF is not a "state actor" within the meaning of § 1983, the claims against it must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

10.    Moreover, Plaintiff has not pled sufficient facts regarding the personal liability of the Freeholders. As the governing body of Camden County, the Freeholders cannot be held liable under § 1983 solely on a theory of *respondeat superior*. *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 690–91 (1978). Plaintiff must instead plead facts showing that the Freeholders are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled

custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[1]
In other words, Plaintiff must set forth facts supporting an
inference that the Freeholders were the "moving force" behind
the alleged constitutional violation. *Monell*, 436 U.S. at 689.

11.   As Plaintiff may be able to amend his complaint to
address the deficiencies noted by the Court, the Court shall
grant Plaintiff leave to amend the complaint within 30 days of
the date of this order.

12.   To the extent the complaint seeks relief for
conditions Plaintiff encountered during his numerous
confinements occurring before December 2, 2014, those claims are
barred by the statute of limitations. Claims brought under §
1983 are governed by New Jersey's two-year limitations period
for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276
(1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir.
2010). "Under federal law, a cause of action accrues when the
plaintiff knew or should have known of the injury upon which the
action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d

---

[1] "Policy is made when a decisionmaker possess[ing] final
authority to establish municipal policy with respect to the
action issues an official proclamation, policy, or edict.
Government custom can be demonstrated by showing that a given
course of conduct, although not specifically endorsed or
authorized by law, is so well-settled and permanent as virtually
to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d
Cir. 2014) (internal quotation marks and citations omitted)
(alteration in original).

472, 480 (3d Cir. 2014). The allegedly unconstitutional conditions of confinement at CCCF would have been immediately apparent to Plaintiff at the time of his detention; therefore, Plaintiff's claims of his detentions of 2007 to 2008, 2009 to 2010, and 2011 to 2013 are barred by the statute of limitations. In the event Plaintiff elects to file an amended complaint, he should focus on the facts of any confinement that ended after December 2, 2014.

13.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself.[2] *Id.*

14.  For the reasons stated above, the complaint is dismissed without prejudice for failure to state a claim. The

---

[2] The amended complaint shall be subject to screening prior to service.

Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

    15.  An appropriate order follows.


**June 8, 2017**                                        **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    U.S. District Judge